UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Olandio Ray Workman, ) | Civil Action No.: 8:18-cv-01244-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kevin McDonald, *Magistrate Judge*; ) | |
| Clement F. Haynesworth Courthouse; ) | |
| Courts of Clement F. Haynesworth; and ) | |
| Solicitor General of the United States, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court for review of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald.[1] *See* ECF Nos. 12 & 24. The Magistrate Judge recommends summarily dismissing this action without prejudice because it is frivolous. R & R at pp. 5–8.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and he reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Plaintiff, who is proceeding pro se and in forma pauperis and was a state pretrial detainee when he filed this action,[3] brought this *Bivens*[4] action against the Magistrate Judge, the Greenville federal courthouse and its "courts," and the United States Solicitor General. The Magistrate Judge has reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and he recommends dismissing "the entire Complaint . . . because it is frivolous." R & R at p. 5. Specifically, the Magistrate Judge concludes: (1) the doctrine of absolute judicial immunity bars suit against him; (2)

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] Plaintiff is now incarcerated in the South Carolina Department of Corrections. *See* SCDC Incarcerated Inmate Search, *available at* http://public.doc.state.sc.us/scdc-public/ (last visited Oct. 1, 2018) (searched by SCDC ID 00273352); *see generally Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) ("[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'").

[4] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (establishing the validity of actions for damages when a federal officer acting under the color of federal authority allegedly violates a plaintiff's constitutional rights).

2

federal courthouses are buildings not amenable to suit under *Bivens*; and (3) Plaintiff's complaint does not allege any wrongdoing by the Solicitor General. *Id.* at pp. 5–8.

Plaintiff objects to the Magistrate Judge's conclusion regarding judicial immunity. *See* ECF No. 24 at p. 1. However, as explained in the R & R, the allegations in Plaintiff's complaint indicate he is displeased with the Magistrate's actions in another case. *See generally* ECF No. 1 at pp. 4–6. Although Plaintiff seeks to sue the Magistrate pursuant to *Bivens*, "[j]udges possess absolute immunity for their judicial acts and are subject to liability only in the 'clear absence of all jurisdiction.'" *Hamilton v. Murray*, 648 F. App'x 344, 344–45 (4th Cir. 2016) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "[T]he doctrine of absolute judicial immunity serves to protect *federal* judges from injunctive relief as well as money damages." *Bolin v. Story*, 225 F.3d 1234, 1240 (11th Cir. 2000) (collecting cases); *see also Stephens v. Herring*, 827 F. Supp. 359, 362 (E.D. Va. 1993) (rejecting a *Bivens* action against a federal judge and explaining "federal judges enjoy the same immunity from equitable remedies as they do from damages").

Having reviewed Plaintiff's objections and conducted a de novo review of the record, the Court concludes Plaintiff challenges judicial acts undertaken by the Magistrate Judge, who was acting within his judicial capacity and "performing a function 'normally performed by a judge.'" *King v. Myers*, 973 F.2d 354, 358 (4th Cir. 1992) (quoting *Stump*, 435 U.S. at 362). Accordingly, the doctrine of absolute judicial immunity bars Plaintiff claims against the Magistrate Judge.[5]

Finally, the Court notes Plaintiff does not object to the Magistrate Judge's express conclusion that this action should be dismissed because the entire complaint is frivolous. *See* R & R at p. 5. The

---

[5] In his objections, Plaintiff indicates he agrees with the dismissal of the courthouse Defendants. *See* ECF No. 24 at p. 2. He also references the U.S. Solicitor General and appears to misunderstand when the United States should be substituted for a party. *See id.*

Court agrees this action is frivolous,[6] and therefore the Court will deem this dismissal a strike pursuant to the Prison Litigation Reform Act's three-strike provision. *See* 28 U.S.C. § 1915(g) (providing that a "frivolous" civil action counts as a strike); *Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) ("[T]he fact that an action was dismissed as frivolous . . . and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g)."); *McLean v. United States*, 566 F.3d 391, 399–400 (4th Cir. 2009) (explaining "a dismissal for frivolousness that is rendered without prejudice" still counts as a strike).

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R & R [ECF No. 12], and **DISMISSES** this action *without prejudice and without issuance and service of process*.[7] The Court **DEEMS** the dismissal of this frivolous action a strike under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
October 2, 2018　　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[6] An action is properly dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[7] In the Court's view, Plaintiff cannot cure the defects in his complaint by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.